UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gerald A. Abelt, | : | Case No. 1:07CV1691 |
| Plaintiff | : | Judge Christopher Boyko |
| v. | : | Magistrate Judge David S. Perelman |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED DECISION** |
| Defendant | : | |

There is no need for an extended discussion of the facts and/or law in this action, brought pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the defendant's final determination denying plaintiff's claims for disability insurance benefits, 42 U.S.C. §§416(i), 423, and supplemental security income, 42 U.S.C. §1381 et seq.,[1] considering the narrow single issue raised on this appeal.

Although in his testimony at the de novo evidentiary hearing conducted by an Administrative Law Judge (ALJ) on January 23, 2007[2] (as he had in the Disability Report - Adult which accompanied his applications) the plaintiff ascribed his alleged inability to work to pain, and physical limitations consequent thereto, on this appeal the sole claim of error on the part of the ALJ,

---

[1]Plaintiff's applications were filed on October 14, 2003, and alleged disability as of February 1, 1998.

[2]The matter first came before the ALJ on August 1, 2006, but he continued the hearing to give the plaintiff, who appeared unrepresented, the opportunity to secure counsel. The plaintiff was represented at the January 2007 hearing.

whose decision entered February 23, 2007 stands as the defendant's final determination consequent to denial of review thereof by the Appeals Council on May 1, 2007, pertains to the plaintiff's mental/emotional status.[3]

It is maintained that the ALJ erred in crediting the assessment of the plaintiff's mental/emotional condition of the psychiatrist who testified as the medical expert at the de novo hearing, Dr. Melvin Ross, over that of a clinical psychiatrist, Mr. Richard Davis, who evaluated the plaintiff in December 2003 upon referral of the Social Security state agency authorities.

This Court's response to that contention is that considering that neither Mr. Davis nor Dr. Ross was a treating source, whose opinion might be entitled to deference, the ALJ as trier of the facts was entitled to credit which of those assessments he considered to be the more reliable. The fact that the plaintiff spent a few minutes being interviewed by Mr. Davis, whereas Dr. Ross' exposure to the plaintiff was at the evidentiary hearing, did not obligate the ALJ to accept Mr. Davis' conclusions, with which Dr. Ross frankly disagreed.

As this Court is satisfied that the ALJ acted within his "zone of choice," see Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986), under the substantial evidence standard of Richardson v. Perales, 402 U.S. 389 (1971), it is recommended that final judgment be entered in defendant's favor.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE: January 22, 2008

---

[3] This may well be because the minimal objective medical evidence in the record lends virtually no support to the plaintiff's extreme subjective complaints.

2

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).